# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50417
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2014

Lyle W. Cayce
Clerk

CONTINA GRAHAM,

Plaintiff - Appellant

v.

BLUEBONNET TRAILS COMMUNITY SERVICES,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-977

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Contina Graham brought this *pro se* employment discrimination lawsuit against Bluebonnet Trails Community Services, a state-designated community center that provides services to individuals with mental illnesses and developmental disabilities. She claims that she was mistreated by Bluebonnet

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50417

and that her contract with the organization was terminated because she is African American.

## I.

Graham was an employee of Bluebonnet from 2005 until 2008. After that, at the advice of Bluebonnet's former Director, she began contracting with Bluebonnet through her business, Sharing the Love Health Care, Inc. Bluebonnet asserts that Graham's status as an independent contractor allowed her to earn more money, hire subcontractors, work out of her home, market to other companies, and perform tasks that employees could not perform. According to Graham, she was treated as an employee, and her contractor status was used as pretext to deny her the benefits and protections to which she would have been entitled as an employee.

In 2009, Graham began receiving complaints from Bluebonnet about her billing and work. Graham's contract was eventually terminated in September 2012. She filed this suit in state court, and it was removed to the Western District of Texas. Her complaint alleges racial discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981.[1] The district court granted summary judgment in favor of Bluebonnet.

## II.

The district court addressed Graham's Title VII and section 1981 claims separately. It held that Title VII was inapplicable because of her status as an independent contractor, and that Graham failed to exhaust her administrative remedies. With regard to her section 1981 claim, the district court found that she failed to adequately plead the claim because she did not assert it through

---

[1] Graham also made claims of breach of contract, interference with contract, and retaliation. Those claims were dismissed on sovereign immunity and pleading sufficiency grounds. To the extent those issues are briefly mentioned by Graham on appeal, we find that she has failed to support these claims beyond offering conclusory assertions.

42 U.S.C. § 1983. *See Oden v. Oktibbeha Cnty.*, 246 F.3d 458, 462 (5th Cir. 2001) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989)) (holding that because section 1981 does not supply an independent cause of action against public entities, plaintiffs must assert a claim under section 1983). Alternatively, it decided both issues together in favor of Bluebonnet under the *McDonnell Douglas* burden-shifting framework. We review its grant of summary judgment *de novo*. *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 362 (5th Cir. 2013).

We have doubts about the district court's denial of Graham's section 1981 claim on the ground that she did not cite section 1983 as the procedural vehicle for asserting such a claim, particularly after the Supreme Court's decision in *Johnson v. City of Shelby*, 135 S. Ct. 346 (2014) (per curiam). There, the Supreme Court reversed this court's decision affirming the dismissal of a civil rights claim for failure to invoke 42 U.S.C. § 1983. The Court noted that the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Id.* That rationale has even more force in this case, as "[w]e must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Nonetheless, we find that summary judgment was appropriate on both the statutory and constitutional claim given the district court's alternative holding that Graham did not establish a fact issue under the *McDonnell Douglass* burden-shifting framework.[2] *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 422 n.1 (5th Cir. 2000) (considering Title VII and section 1981 claims "under the Title VII rubric of analysis" because "[c]laims of intentional

---

[2] We do not reach the question whether Graham was an employee or independent contractor, because the resolution of that question would not resolve her section 1981 claim.

discrimination brought under Title VII and Section 1981 require the same proof to establish liability"). In order to meet her initial burden under that test, Graham must show "(1) that she is a member of a protected class; (2) that she was qualified for the position sought; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside her protected class or was treated less favorably than other similarly situated [individuals] outside her class." *Haire*, 719 F.3d at 363.

Graham is unable to meet the last requirement. Although she names other individuals of different races and claims that they were treated more favorably, she does not point to any evidence that would have allowed the district court to determine whether they are similarly situated or whether their work suffered from the same shortcomings that Bluebonnet alleges about Graham's. Even when specific comparators are identified, we require a significant degree of similarity between the plaintiff's situation and that of the comparators. *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009). In this case, we cannot even engage in that analysis because Graham offers no facts from which we can determine whether the individuals "being compared held the same job or responsibilities [and] shared the same supervisor or had their employment status determined by the same person." *Id.* at 260 (citations omitted). She simply asserts that these individuals were given preferential treatment without offering the details that the inquiry requires. Without similarly situated comparators of a different race who were allegedly treated more favorably, there is no basis for a factfinder to infer discrimination.

We therefore AFFIRM the district court's judgment.

4